United States District Court
Southern District of Texas
**ENTERED**
March 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **JESUS ORDORICA** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 7:24-CV-00324 |
| | § | |
| **ZONING BOARD OF ADJUSTMENTS OF THE CITY OF MISSION, TEXAS** | § § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Jesus Ordorica wants to build a shed on his property in Mission, Texas. To do this, he needs a zoning variance—an exception from Mission's zoning laws. When Ordorica requested a variance from the Zoning Board of Adjustments of the City of Mission, Texas ("the Board"), his request was denied. Ordorica then sued the Board in Texas state court, bringing both state and federal claims. The Board removed the case to federal court and now moves to dismiss Ordorica's claims. (Dkt. No. 2). After careful review of the filings, the record, and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion. Ordorica's state-law claims are **DISMISSED WITHOUT PREJUDICE**.

### I.  BACKGROUND

Jesus Ordorica wants to build a shed on his property in Mission, Texas. (Dkt. No. 1-3 at 3). But because of his property's irregular shape, Ordorica needs an exception from the "setback" requirements. (Dkt. No. 1-3 at 3). On May 29, 2024, Ordorica requested a

variance from the Zoning Board of Adjustments of the City of Mission, Texas. (Dkt. No. 1-3 at 3). The Board denied his request the same day. (*Id.*).

More than a month later, Ordorica sued the Board in Texas state court. (*See id.* at 1–15). Ordorica's state-court petition lists eight claims:

(1) procedural- and substantive-due-process violations under the Texas and Federal Constitutions;

(2) inverse condemnation under the federal Fifth Amendment;

(3) violation of the federal Administrative Procedure Act ("APA");

(4) violation of Mission's zoning ordinances by not granting the variance;

(5) failure to consider the relevant factors when deciding whether to grant the variance;

(6) failure to follow precedent and custom established by past variance decisions;

(7) violation of the federal Equal Protection Clause; and

(8) state-law negligence.

(*Id.* at 3–12).

Ordorica's fourth, fifth, sixth, and eighth "claims" collectively assert a single theory of liability: that the Board abused its discretion by denying the zoning variance. (*See id.* at 7–12). And the APA, which forms the basis of Ordorica's third claim, (*see id.* at 6–7), doesn't apply to state entities like the Board, *see* 5 U.S.C. § 701(b)(1)(C). So that leaves five claims: one state law claim alleging that the Board abused its discretion by denying the variance, one alleged violation of the Texas Constitution, and three alleged violations of the U.S. Constitution.

The Board removed the case to federal court, alleging federal-question jurisdiction over the federal claims and supplemental jurisdiction over the state-law claims. (*Id.* at 1–

3). Now in federal court, the Board moves to dismiss Ordorica's claims. (Dkt. No. 2). The Board argues that Ordorica (1) didn't follow the procedures required by Texas law to seek judicial review of the Board's decision, (*id.* at 5–6); and (2) doesn't allege facts to support municipal liability for his federal claims, (*id.* at 6–12).

## II.     LEGAL STANDARDS

### A.     RULE 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "lack of subject-matter jurisdiction." When considering a motion to dismiss under Rule 12(b)(1), a court must "accept the complaint's well-pleaded factual allegations as true." *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021). Dismissal for lack of subject-matter jurisdiction is appropriate "when the plaintiff does not plausibly allege all jurisdictional allegations." *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021) (citations and internal quotation marks omitted). "For a 12(b)(1) motion, the general burden is on the party asserting jurisdiction." *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021).

### B.     RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than . . . 'labels and conclusions . . . .'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

"The defendant, as the moving party, bears the burden of proving that no legally cognizable claim for relief exists." *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2 (S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.)). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrs., LLC*, 996 F.3d 302, 306–07 (5th Cir. 2021).

The court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "Dismissal . . . is appropriate where the plaintiff fails to allege 'enough facts to state a claim to relief that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S.Ct. at 1965, 1974).

4

**III.     DISCUSSION**

The Board moves to dismiss Ordorica's state-law claims as untimely under the Texas statute governing judicial review of zoning-board decisions.  (Dkt. No. 2 at 5–6) (citing Tex. Loc. Gov't Code § 211.011).  The Board also argues that Ordorica's federal claims are deficient.  (*Id.* at 6–12).  The Court agrees that Ordorica's state-law claims are untimely but rejects the Board's challenge to the federal claims.

    **1.     State-Law Claims**

Ordorica brings two state-law claims: (1) an abuse-of-discretion claim, and (2) procedural- and substantive-due-process claims under Article I, Section 19 of the Texas Constitution.  (Dkt. No. 1-3 at 3–12).  Both claims are untimely under the Texas Local Government Code's ten-day deadline for challenging zoning-board decisions.  *See* Tex. Loc. Gov't Code § 211.011.

In Texas, "[t]he procedures for challenging a zoning board's decision are rather unique."  *Tellez v. City of Socorro*, 226 S.W.3d 413, 414 (Tex. 2007) (per curiam).  Under the Local Government Code, these challenges must (1) "be filed within ten days after a board's decision," (2) "be made by 'verified petition stating that the decision of the board of adjustment is illegal . . . and specifying the grounds of the illegality,'" and (3) "be initiated by writ of certiorari directed to the board indicating when its 'return' must be made."  *Id.* (quoting Tex. Loc. Gov't Code § 211.011(a)–(c)).  Section 211.011's ten-day deadline to file a writ of certiorari runs from "the date the [board's] decision is filed in the board's office."  Tex. Loc. Gov't Code § 211.011(b).

5

"This requirement is jurisdictional." *E. Cent. Indep. Sch. Dist. v. Bd. of Adjustment*, 387 S.W.3d 754, 757 (Tex. App.—El Paso 2012, pet. denied).  First, the requirement is jurisdictional under caselaw.  Indeed, an "abundance" of Texas caselaw confirms that timely "filing a petition for writ of certiorari is necessary in order to exhaust administrative remedies and avoid the review from being considered a collateral attack on the Board's decision." *Lamar Corp. v. City of Longview*, 270 S.W.3d 609, 614 (Tex. App.—Texarkana 2008, no pet.) (collecting cases).[1]  Second, the requirement is jurisdictional by statute: "[s]tatutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity."  Tex. Gov't Code § 311.034.  In suits under Section 211.011, "[t]he statutory prerequisite is the filing of the petition within the requisite time period." *S. Dev. of Miss., Inc. v. Zoning Bd.*, 366 S.W.3d 732, 736 (Tex. App.—Texarkana 2012, no pet.).  "In Texas, the right to appeal the decision of an administrative agency is a statutory right, and the applicable statutory provisions are mandatory, exclusive, and must be complied with fully for an action to be maintainable." *Vasquez v. Nueces County*, 551 F.App'x 91, 94 (5th Cir. 2013) (per curiam).

Ordorica alleges that the Board denied his variance request on May 29, 2024.  (Dkt. No. 1-3 at 3).  Under Texas's computation-of-time rules, *see* Tex. R. Civ. P. 4, and Section 211.011's ten-day deadline, Ordorica had until June 10, 2024, to file his verified petition.  Ordorica filed his petition on July 2, 2024.  (Dkt. No. 1-3 at 1).  Ordorica's failure

---

[1] *See, e.g.*, *City of Dickinson v. Stefan*, 611 S.W.3d 654, 666–68 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Tellez v. City of Socorro*, 296 S.W.3d 645, 649 n.2 (Tex. App.—El Paso 2009, pet. denied); *Boswell v. Bd. of Adjustment & Appeals*, No. 13-08-00642-CV, 2009 WL 2058914, at *2 (Tex. App.—Corpus Christi–Edinburg, July 16, 2009, no pet.).

to comply with the statutory requirements deprives the Court of jurisdiction over any claims asserted under Section 211.011. *See Lamar Corp.*, 270 S.W.3d at 614.

Both of Ordorica's state-law claims fall under Section 211.011, including his constitutional claim. Texas courts distinguish "between whether a board of adjustment has power to act and whether it has exercised that power illegally." *W. Tex. Water Refiners, Inc. v. S & B Beverage Co.*, 915 S.W.2d 623, 626 (Tex. App.—El Paso 1996, no writ). "In the second case, the only means to challenge a zoning board's action is through the statutory writ of certiorari proceeding." *Id.* "In the first instance, however, a district court may make a determination notwithstanding this statutory procedure." *Id.* at 626–27.

Ordorica's abuse-of-discretion claim fits squarely within the second category; it is a claim that the Board abused the power that it *has*. Indeed, in *City of Dallas v. Vanesko*, the Texas Supreme Court stated that "the party attacking the order [under Section 211.011] *must* present a 'very clear showing of abuse of discretion.'" 189 S.W.3d 769, 771 (Tex. 2006) (emphasis added) (quoting *City of San Angelo v. Boehme Bakery*, 144 Tex. 281, 287, 190 S.W.2d 67, 71 (1945)). This requires showing that a zoning board "act[ed] without reference to any guiding rules and principles or clearly fail[ed] to analyze or apply the law correctly." *Id.* Accordingly, Ordorica's abuse-of-discretion claim falls within Section 211.011 and is dismissed as untimely.[2]

---

[2] Ordorica's abuse-of-discretion claim includes the fourth-, fifth-, sixth-, and eighth-listed issues under the heading "Causes of Action." (Dkt. No. 1-3 at 7–12). Based on the description in the petition, these issues are not standalone claims but rather allegations that the Board "act[ed] without reference to any guiding rules and principles or clearly fail[ed] to analyze or apply the law correctly." *Vanesko*, 189 S.W.3d at 771. As such, they form a single abuse-of-discretion claim. In any case, even if these were separate claims, Section 211.011 would be the vehicle because it is
(continue)

Ordorica's claim under Article I, Section 19 of the Texas Constitution is also barred. In a past motion, Ordorica clarified that "the constitutionality of the [zoning] ordinance itself is not being challenged." (Dkt. No. 5 at 3). In other words, Ordorica is not alleging that the Board lacks the "power to act" but instead that the Board "exercised that power illegally" (in this case, unconstitutionally). *W. Tex. Water Refiners, Inc.*, 915 S.W.2d at 626. Because Ordorica challenges the constitutionality of the Board's *decision*—and not the constitutionality of the underlying zoning ordinance or the Board's authority—his claim falls within Section 211.011 and must meet its requirements.

"When, as here, a statute provides a right to judicial review [of an agency decision], a person raising a constitutional claim must comply with the statute's requirements." *Natter v. DSHS*, No. 03-16-00317-CV, 2016 WL 4980215, at *2 (Tex. App.—Austin Sept. 13, 2016, no pet.) (citing *Tex. Comm'n on Env't. Quality v. Kelsoe*, 286 S.W.3d 91, 97 (Tex. App.—Austin 2009, pet. denied)). As the Texas Supreme Court held in *City of Dallas v. Stewart*,

> even though [a constitutional] claim may be asserted for the first time in the district court upon appeal of the agency order, a failure to comply with the appeal deadlines and/or the failure to so assert the constitutional claim at that time, precludes a party from raising the issue in a separate proceeding.

361 S.W.3d 562, 580 (Tex. 2012) (alteration in original) (quoting 1 Ronald L. Beal, Texas Administrative Practice and Procedure § 9.3.1[c] (2009)). So, while Texans may seek

---

the relevant statutory waiver of sovereign immunity. *See Suarez v. City of Texas City*, 465 S.W.3d 623, 631 (Tex. 2015).

review of an agency's decision on constitutional grounds even absent statutory authorization, "[t]his does not mean, however, that when a statute *does* provide a right to judicial review, a person raising a constitutional claim need not comply with the statute's requirements." *Kelsoe*, 286 S.W.3d at 97 (emphasis in original).

Thus, even in the constitutional setting, "[a] party cannot attack collaterally what she chooses not to challenge directly." *Stewart*, 361 S.W.3d at 580. "A suit not brought pursuant to [Section 211.011's] statutory provisions is an impermissible collateral attack." *City of San Antonio v. El Dorado Amusement Co.*, 195 S.W.3d 238, 250 (Tex. App.—San Antonio 2006, pet. denied).

Ordorica didn't follow the procedures required under state law to directly attack the Board's decision, so he may not collaterally attack it now, even on constitutional grounds. *Stewart*, 361 S.W.3d at 580. Ordorica's Texas Constitution claim is dismissed as well.

### 2. Federal Claims

Next, Ordorica brings due-process and equal-protection claims under the Fourteenth Amendment and a takings claim under the Fifth Amendment. (Dkt. No. 1-3 at 3–6, 10–12). The Board contends that Ordorica has not pled facts sufficient to establish municipal liability under 42 U.S.C. § 1983. (Dkt. No. 2 at 6–9); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). The Board argues separately that Ordorica's Fifth Amendment claim fails because he did not first pursue a takings claim in state court. (Dkt. No. 2 at 9–12). The Court disagrees on both fronts.

9

As to the first issue, the Board argues that Ordorica fails to allege a pattern of events sufficient to show a municipal policy or custom. (*Id.* at 6–9). Yet "even a single decision may constitute municipal policy in rare circumstances, when the official or entity possessing final policymaking authority for an action performed the specific act that forms the basis of the § 1983 claim." *St. Maron Props., LLC v. City of Houston*, 78 F.4th 754, 760 (5th Cir. 2023). "If the decision to adopt [a] particular course of action is properly made by th[e] government's authorized decisionmaker, it surely represents an act of official government policy." *Id.* (alterations in original) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986)). Thus, the Board has not "prov[ed] that no legally cognizable claim for relief exists" under Section 1983. *Flores*, 2022 WL 4740076, at *2.

On the second issue, the cases the Board cites in support of the state-litigation requirement predate the Supreme Court's decision in *Knick v. Township of Scott*, 588 U.S. 180, 139 S.Ct. 2162, 204 L.Ed.2d 558 (2019). There, the Supreme Court held that "[t]he state-litigation requirement of *Williamson County* is overruled. A property owner may bring a takings claim under Section 1983 upon the taking of his property without just compensation by a local government." *Id.* at 206, 139 S.Ct. at 2179. The Board's argument that "a plaintiff must use available state procedures to seek [just] compensation before he may bring a § 1983 takings claim," (Dkt. No. 2 at 10), is incorrect.

In short, the Board has not shown that Ordorica's federal claims should be dismissed at this stage. Whether Ordorica can ultimately prove the requirements of municipal liability is a matter best resolved through summary judgment after sufficient

discovery. *Cf. Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168–69, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (rejecting a heightened pleading standard for municipal-liability claims and remarking that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later").

## IV.   CONCLUSION

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** the Board's Motion to Dismiss, (Dkt. No. 2). Ordorica's state-law claims are **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Signed on March 20, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**